Rex Allen DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

Richard Aaron DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–95–00258–CR, 01–95–00259–CR.

Court of Appeals of Texas, First District.

May 16, 1996.

## ORDER

PER CURIAM.

The appellant in each of these two cases has filed a "Motion Requesting Rule 55 Hearing to Correct Omissions and Errors in Statement of Facts." The appellants contend that, even after a mandamus proceeding in this Court and two hearings in the trial court, all designed to pry a complete, accurate statement of facts from the court reporter, Phyllis Faykus–Dutton, the statement of facts is still incomplete and inaccurate in several respects. The appellants support their motions with uncontroverted evidence.

Tex.R.App.P. 55(a), entitled "Inaccuracies on the Statement of Facts," provides in relevant part:

> [S]hould any dispute arise, after filing in the appellate court as to whether the statement of facts accurately discloses what occurred in the trial court, the appellate court shall submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts conform to what occurred in the trial court.

Accordingly, we remand these cases to the trial court for the court to address the appellants' concerns regarding the completeness and accuracy of the statement of facts. After notice to the parties and a hearing, the trial court shall settle the dispute and, if

---

necessary, make the statement of facts conform to what occurred in the trial court.

Because of the court reporter, getting an accurate, complete statement of facts in these cases has been very difficult for all involved. *See, e.g., Davis v. Faykus–Dutton,* No. 01–95–01130–CV (Tex.App.—Houston [1st Dist.] October 6, 1995, orig. proceeding) (not designated for publication) (granting the relator, Richard Aaron Davis, leave to file a petition for writ of mandamus, and ordering Phyllis Faykus–Dutton, the respondent, to prepare and file with this Court a complete statement of facts); *Davis v. Faykus–Dutton,* No. 01–95–01130–CV (Tex.App.—Houston [1st Dist.], November 27, 1995) (order) (not designated for publication) (issuing writ of attachment for Faykus–Dutton after she failed to comply with previous order to prepare and file complete statement of facts and failed to appear at show-cause hearing to show why she should not be held in contempt for failing to file the statement of facts as ordered). It is therefore with considerable reluctance and sympathy that we burden the trial court with this matter yet again. However, that court is in the best position to resolve this controversy, as clearly contemplated by rule 55(a).

A supplemental record showing the trial court's actions and rulings shall be filed with this Court no later than June 14, 1996.

It is so **ORDERED.**