NO. 12-00-00326-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LARRY BROOKS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Larry Brooks ("Appellant") appeals his conviction for robbery. Appellant was indicted for
aggravated robbery with an enhancement paragraph. A jury convicted him of the lesser included
offense of robbery and assessed an eighty-year prison term and a fine of $1,000.00. Appellant raises
four issues on appeal contending that the evidence is legally and factually insufficient to support his
conviction, that the trial court erred in admitting evidence of his prior convictions and that the court
reporter was mentally incompetent during the trial or became so while compiling the record. He also
argues that he should have a new trial since the record is not complete. The State asserts that
Appellant has not shown that the record is inaccurate. However, the State admits that the reporter
had a "breakdown" prior to filing the record in this case and that the reporter's condition prevented
the timely filing of the record. 

 If a dispute arises after the reporter's record has been filed in the appellate court, the court
may submit the dispute to the trial court for resolution. The trial court must then ensure that the
reporter's record is made to conform to what occurred in the trial. Tex. R. App. P. 34.6 (e) (3); Davis
v. State, 932 S.W.2d 127, 128 ( Tex. App.-Houston [1st Dist.] 1996, no pet.).

 Accordingly, before we proceed to review this record on the issues raised, we believe it is
incumbent on the trial court to certify that we have an accurate and complete reporter's record. 
Therefore, this appeal is abated, administratively removed from our docket and remanded to the
trial court for a hearing on the accuracy and completeness of the reporter's record.


Opinion delivered October 4, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)